IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 04-940 |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Willie Marion Butler, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Willie Marion Butler's ("Butler") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (West Supp. 2006) and the Government's motion for summary judgment. After a thorough review, the court grants the Government's motion for summary judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 20, 2004, Butler pled guilty to knowingly possessing in and affecting commerce, a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year. Butler was sentenced to forty-six (46) months' imprisonment on February 28, 2005. Butler appealed his conviction and sentence. On October 12, 2005, the United States Court of Appeals for the Fourth Circuit affirmed Butler's conviction and sentence. On December 29, 2006,[1] Butler filed the instant § 2255 motion. On January 13, 2007, Butler filed an amendment to his § 2255 motion. The Government

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

responded on February 22, 2007, and moved for summary judgment. On March 7, 2007,[2] Butler filed a reply to the Government's response and motion for summary judgment. On March 19, 2007, the Government produced Butler's state court records pursuant to an order dated February 26, 2007.

In his § 2255 motion, Butler raises the following claims: (1) the court impermissibly considered the United States Sentencing Guidelines ("U.S.S.G.") mandatory; (2) the presentence investigation report ("PSR") miscalculated Butler's base offense level based upon the mischaracterization of two previous convictions, thus rendering Butler "actually innocent of U.S.S.G. § 2K2.1(a)(2) enhancement;" (3) Butler's trial and appellate counsel, James Loggins ("Loggins"), rendered ineffective assistance of counsel due to his failure to (a) investigate the prior convictions used as predicate offenses for "§ 2K2.1(a)(2) classification" and (b) argue a United States v. Booker, 543 U.S. 220 (2005), error on appeal; and (4) the court should "correct [Butler's] sentence pursuant to post conviction rehabilitation and U.S.S.G. § 1B1.13." (Butler's § 2255 Mot. 3, 5-8, 10.) In addition, in the amendment to his § 2255 motion, Butler alleges ineffective assistance of counsel on the grounds that Loggins failed to object to the use of two prior convictions that were obtained without counsel and without a valid waiver of counsel to enhance Butler's sentence. (Butler's Am. § 2255 Mot. 3.)

---

[2] Id.

## II. DISCUSSION OF THE LAW

### A. Booker Error

First, Butler argues that his sentence violated the United State Supreme Court's holding in Booker, 543 U.S. 220, because the court considered the U.S.S.G. mandatory. (Butler's Mem. Supp. § 2255 Mot. 2-5.) At Butler's sentencing hearing, the court stated, "The court has considered the guideline recommendations as advisory only." (Sentencing Tr. 7.) Butler offers no support for his argument that the court considered the U.S.S.G. mandatory. Therefore, this claim is without merit.

### B. Calculation of Butler's Base Offense Level

Second, Butler argues that his PSR incorrectly calculated his base offense level as 24 pursuant to U.S.S.G. § 2K2.1 based on the "mischaracteriz[ation]" of two prior felony convictions of either a crime of violence or a controlled substance offense. (Butler's Mem. Supp. § 2255 Mot. 5-6.) Additionally, Butler argues that in determining whether Butler had two predicate felony convictions, the court impermissibly relied on the factual descriptions of his crimes in the PSR, which were allegedly based upon police reports. Thus, Butler argues that the court's reliance on the factual descriptions in the PSR violated the United States Supreme Court's holding in Shepard v. United States, 544 U.S. 13 (2005). (Id. 6.)

Butler did not object to his PSR at his sentencing. (Sentencing Tr. 2.) Additionally, Butler did not challenge any of the calculations in his PSR on appeal. See United States v. Butler, No. 05-4311, 2005 WL 2533297 (4th Cir. Oct. 12, 2005) (unpublished). "Where the petitioner . . . failed properly to raise his claim on direct review, the writ [of habeas corpus] is available only if the petitioner establishes cause for the waiver and shows actual prejudice

3

resulting from the alleged . . . violation." Reed v. Farley, 512 U.S. 339, 354 (1994) (internal quotation marks omitted). Therefore, unless Butler can show cause and prejudice, his objection to the calculation of his base offense level in the presentence report is waived.

Butler does not argue either cause for the waiver or prejudice resulting from the alleged violation, but asserts that the actual innocence exception "will bypass any procedual [sic] limitation within the petitioner's claims." (Butler's Mem. Supp. § 2255 Mot. 6.) "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." House v. Bell, 126 S. Ct. 2064, 2076-77 (U.S. 2006) (internal quotation marks omitted). In support of his argument that the actual innocence exception should allow his claim, Butler asserts that "[t]he petitioner's sentence was dramatically increased due to the consideration of unreliable and inaccurate information," and that "[t]here was not any valid proof of previous State felony convictions admitted into evidence to support the § 2K2.1(a)(2) enhancement." (Butler's Mem. Supp. § 2255 Mot. 6.) These allegations are insufficient to support the application of the actual innocence exception to Butler's otherwise procedurally-barred claim. Therefore, Butler's claim that his base offense level was calculated incorrectly in his presentence report is dismissed.

### C. Ineffective Assistance of Counsel

Third, Butler argues that his Loggins provided ineffective assistance of counsel at his sentencing and on appeal. (Id. 7.) In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Butler must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by

his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Butler must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. Butler bases this claim on two grounds.

1. Failure to Investigate Prior Convictions

First, Butler argues that Loggins was constitutionally ineffective for failing to investigate the validity of, and challenge, Butler's prior felony convictions of crimes of violence and a controlled substance offense, which resulted in a base offense level of 24. (Butler's Mem. Supp. § 2255 Mot. 8.) Additionally, in an amendment to his § 2255 motion, Butler claims that his prior felony convictions were obtained without counsel or a valid waiver of counsel. (Butler's Am.to § 2255 Mot. 2.)

Pursuant to Butler's PSR, which was adopted by the court at his sentencing, Butler received a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2) (2004), which applies "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." Butler has prior convictions of one crime of violence and one controlled substance offense. (PSR 6-7.)

For purposes of § 2K2.1(a)(2), a crime of violence is defined in relevant part as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a) (2004). On July 15, 2003, Butler was

5

convicted of "Criminal Domestic Violence of High & Aggravated Nature" in the General Sessions Court of Anderson, South Carolina. (PSR 7.) South Carolina's criminal domestic violence statute makes it unlawful to "(1) cause physical harm or injury to a person's own household member[,] or (2) offer or attempt to cause physical harm or injury to a person's own household member with apparent present ability under circumstances reasonably creating fear of imminent peril." S.C. Code Ann. § 16-25-20 (2002). The statute has as elements both the use of physical force against another as well as the threat or attempt of physical force against another person. Additionally, Butler was convicted of criminal domestic violence of a high and aggravated nature, which, at the time of Butler's conviction, had a maximum sentence of ten years. S.C. Code Ann. § 16-25-65 (2002); see United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005) (holding that the statutory maximum for a crime determines the crime's classification as a felony). Therefore, Butler's prior conviction of criminal domestic violence of a high and aggravated nature was properly classified as a felony conviction of a crime of violence.

For purposes of U.S.S.G. § 2K2.1(a)(2) (2004), a controlled substance offense is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b) (2004).

On April 11, 2000, Butler was convicted of one count of possession with intent to distribute marijuana and one count of possession with intent to distribute marijuana within

6

close proximity of a park in the General Sessions Court of Anderson, South Carolina. (PSR 6.) S.C. Code Ann. § 44-53-370(a)(1) (2000) makes it unlawful in relevant part "to . . . possess with the intent to . . . distribute . . . a controlled substance." This element meets the definition of a controlled substance offense pursuant to U.S.S.G. § 2K2.1(a)(2). Additionally, the maximum sentence for possession of marijuana with intent to distribute is five years. S.C. Code Ann. § 44-53-370(b)(2) (2000). Therefore, Butler's prior conviction for marijuana with intent to distribute was properly classified as a felony conviction of a controlled substance offense.

As described above, Butler had two prior felony convictions: one for a crime of violence and one for a controlled substance offense. Therefore, Butler's claim that Loggins was unreasonable for failing to object to Butler's sentence on the basis that "the prior felony convictions used to calculate Butler's base offense level were "mischaracterized" is without merit.

Additionally, in an amendment to his § 2255 motion, Butler argues that Loggins should have objected to his base offense level because his prior felony conviction for possession with intent to distribute marijuana and possession with intent to distribute marijuana within close proximity of a park ("state possession conviction") was obtained without counsel or without a valid waiver of counsel.[3] (Butler's Am. § 2255 Mot. 2.) A defendant may collaterally attack prior convictions used to enhance his sentence under the U.S.S.G. if the prior convictions were obtained in violation of the right to counsel. Custis v. United States, 511 U.S. 485, 487 (1994). However, "[t]here is a presumption of regularity of

---

[3] Additionally, Butler argues that prior convictions of simple possession of marijuana and criminal domestic violence were obtained without counsel. However, these convictions were not considered in the calculation of Butler's base offense level.

7

prior convictions used for purposes of enhancing a sentence." United States v. Krejcarek, 453 F.3d 1290, 1297 (10th Cir. 2006) (internal quotation marks omitted). "Self-serving statements by a defendant that his conviction was constitutionally infirm are insufficient to overcome the presumption of regularity accorded prior convictions." Id. at 1297-98.

The only evidence Butler proffers in support of his claim that his state possession conviction was obtained in violation of his right to counsel are two sentencing orders resulting from his state convictions in the General Sessions Court in Anderson, South Carolina. Both orders indicate that Butler pled guilty to the respective charges and the sentence imposed for each count. (Butler's Am. § 2255 Mot. Ex. 1 (July 15, 2003 Sentencing Order 1); Ex. 2 (April 11, 2000 Sentencing Order 1).) The July 15, 2003, order, which relates to Butler's conviction for criminal domestic violence of a high and aggravated nature, is signed by an attorney representing Butler. (Butler's Am. § 2255 Mot. Ex. 1 (July 15, 2003 Sentencing Order 1).) Thus, Butler was clearly represented by counsel in his conviction for criminal domestic violence of a high and aggravated nature.

The April 11, 2000, order, which relates to Butler's state possession conviction, is not signed by an attorney representing Butler. However, Butler entered this plea in General Sessions Court where the standard practice is to take the plea after the defendant has entered a valid, knowing, and voluntary waiver of the right to counsel and after a thorough inquiry by the court regarding the waiver. (Gov't's Resp. Butler's § 2255 Mot. 9.) In addition, although not dispositive to the issue of Butler's waiver of counsel at his plea hearing, on February 2, 2000, Butler signed a written waiver of counsel at his bail proceeding in connection with his state possession charges. (Gov't's Answer Dist. Ct.'s Order Ex. A (State

Court Record 4).)  The waiver fully explained Butler's right to court-appointed counsel in the event he could not afford to employ counsel.  (Id. Ex. A State Court Record 4).)

"[I]n a collateral attack on an uncounseled conviction, it is the defendant's burden to prove that he did not competently and intelligently waive his right to the assistance of [c]ounsel."  Iowa v. Tovar, 541 U.S. 77, 92 (2004).  Thus, Butler would have had the burden at his sentencing to "establish that he did not competently and intelligently waive his constitutional right to assistance of [c]ounsel."  Johnson v. Zerbst, 304 U.S. 458, 468-69 (1938); see also Cuppett v. Duckworth, 8 F.3d 1132, 1137 (7th Cir. 1993) (applying the Zerbst standard to convictions that are the result of guilty pleas).  Under this standard, Butler's prior state court conviction for possession with intent to distribute marijuana is presumptively valid.  See Parke v. Raley, 506 U.S. 20, 31 ("[E]ven when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant.").

Butler presents no evidence to support his assertion that his state possession conviction was obtained in violation of his right to counsel beyond his self-serving statement that "the conviction and sentences were obtained without counsel and a valid waiver."  (Butler's § 2255 Mot. 2.)  As stated above, although not dispositive to the issue before this court, Butler signed a written waiver of counsel in connection with his state possession charges on February 2, 2000, two months prior to pleading guilty.  (Gov't's Answer Dist. Ct.'s Order Ex. A (State Court Records 4).)  The written waiver fully informed Butler of his right to appointed counsel.  (Id. Ex. A (State Court Records 4).)

Further, Butler does not dispute the Government's allegation that pursuant to standard practice, the court informed Butler of his right to counsel before he entered his guilty plea.  In

9

fact, Butler alleges no facts to support his conclusory claim that his state possession with intent to distribute conviction was obtained without a valid waiver of his right to counsel. (Butler's § 2255 Mot. 2; Butler's Reply 3.) Under these circumstances, Butler fails to indicate any evidence that would have been sufficient at his sentencing to overcome the presumption that his prior felony conviction for possession with intent to distribute marijuana was validly obtained. See Cuppett, 8 F.3d at 1139 (holding that "self-serving statements by a defendant that his conviction was constitutionally infirm are insufficient to overcome the presumption of regularity accorded state convictions"); Parke, 506 U.S. at 30 ("On collateral review, we think it defies logic to presume from the mere unavailability of a transcript . . . that the defendant was not advised of his rights."). For the same reasons, Butler fails to demonstrate how a "thorough investigation of [Butler's] background" by Loggins would have revealed any evidence of constitutional deficiencies in Butler's state court convictions. (Butler's § 2255 Mot. 3.) Nothing in the court record from Butler's state possession conviction indicates any constitutional errors. Thus, Butler cannot demonstrate that Loggins' failure to object to the calculation of his base offense level was unreasonable or prejudicial.

Additionally, at his sentencing, the court asked Butler if he had "thoroughly reviewed the Pre-Sentence Report" with Loggins. (Sentencing Tr. 2). Butler answered affirmatively. (Id.) The court then asked Butler if he had "any objections to anything in the report." (Id.) Butler stated that he had no objections to anything in the PSR. (Id.) Therefore, Butler fails to demonstrate prejudice as a result of Loggins' alleged error of failing to object to Butler's base offense level. Based on the foregoing, Butler's claim of ineffective assistance of counsel at his sentencing is without merit.

2. Failure to Assert <u>Booker</u> Violations on Appeal

Second, Butler argues that his counsel was constitutionally ineffective on appeal for failing to challenge the court's treatment of the U.S.S.G. as mandatory. (<u>Id.</u> 7-8.) As discussed above, the court did not treat the U.S.S.G. as mandatory for purposes of sentencing Butler. Therefore, Butler's argument that Loggins was ineffective for failing to raise this issue on appeal is without merit.

### D. Post-Conviction Rehabilitation

Fourth, Butler asks that his sentence be corrected pursuant to U.S.S.G. § 1B1.13 because "the Guidelines have been rendered advisory." (<u>Id.</u> 10.) As stated above, the court considered the guidelines advisory for purposes of Butler's sentencing. Further, U.S.S.G. § 1B1.13 requires a motion of the Director of the Bureau of Prisons. No such application has been made regarding Butler. Therefore, the court denies Butler's request to reconsider his sentence pursuant to U.S.S.G. § 1B1.13. Based on the foregoing, the Government's motion for summary judgment is granted.

Therefore, it is

**ORDERED** that the Government's motion for summary judgment, docket number 32, is granted.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
March 26, 2007

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.